IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD MILLER, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CR-04-264-E-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Revocation Petition (Docket No. 24).  Having reviewed the record and considered the oral and written argument of counsel, the Court enters the following Order denying the Motion.

## BACKGROUND

The following undisputed facts are relevant to the pending Motion and evidenced by Exhibits 1 through 8 admitted by stipulation at the hearing:

1. September 11, 2002 – Defendant was charged in the district of Utah with possession of ammunition by a convicted felon.  *Utah Indictment* (Exhibit 1).

2. January 31, 2003 – Defendant was sentenced to 30 months in prison and 3 years of supervised release.  *Utah Judgment* (Exhibit 2).

3. March 27, 2003 – Defendant started his prison sentence at FCI

**Memorandum Decision and Order - 1**

      Florence, CO.  *Utah Docket Entry*, p. 4 (Exhibit 3).

4. June 22, 2004 – Defendant was transferred to the Bannock County Jail Work Release Program.  *Letter from Bannock County Jail* (Exhibit 4).

5. December 18, 2004 – supervised release commences according to Utah records to expire on December 18, 2007.  *Transfer of Jurisdiction from Utah to Idaho* (Exhibit 5).

6. August 7, 2007 – a supervised release revocation petition was filed alleging a violation on August 4-5, 2007.  *First Supervised Release Petition* (Exhibit 6).

7. September 11, 2007 – this Court sentenced Defendant to one month imprisonment and 35 months of additional supervised release.  *Judgment* (Exhibit 7).

8. October 30, 2007 – a second supervised release revocation petition was filed alleging various violations occurring in October, 2007.  *Second Supervised Release Petition* (Exhibit 8).

Defendant seeks to dismiss the underlying revocation petition, based on the recent Ninth Circuit decision in *Sullivan*.[1]  Specifically, Defendant contends that (1) his term of supervised release commenced on June 22, 2004 when he was placed in pre-release custody at Bannock County Jail by the Bureau of Prisons rather than on December 22, 2004 when he was released from that program; (2) the Court therefore had no jurisdiction to impose sentence on the violation alleged in the first petition because it occurred in August of 2007 after the 3-year term of

---

[1] *United States v. Sullivan*, 504 F.3d 969 (9th Cir. 2007).

**Memorandum Decision and Order - 2**

supervise release had expired, (3) the Court's sentence on September 11, 2007, which included an additional 35 months of supervised release decision, was therefore invalid, and (4) the Defendant's conduct in October of 2007 cannot be considered by the Court as a violation of supervised release.

While the Defendant's contentions track closely those relied upon by the Ninth Circuit in *Sullivan*, the Defendant's situation here is factually distinguishable. *Sullivan* dealt with a decision by a state department of corrections to place a state prisoner at a half-way house at the end of his sentence. Here, the Defendant was placed at the Bannock County Jail Work Release Program by the Bureau of Prisons, pursuant to the mandate of 18 U.S.C. § 3624(c), which requires the Bureau of Prisons to provide for a pre-release program where practicable during the last 6 months of a prisoner's incarceration. As explained below, that distinction is critical to the Court, and the Defendant's motion will therefore be denied.

## DISCUSSION

### A. Relevant Statutory Provisions

A review of the relevant portions of the statutes addressing federal imprisonment and federal supervised release is necessary to place the *Sullivan* case and the parties' arguments in context. In that regard, 18 U.S.C. § 3621 provides as

**Memorandum Decision and Order - 3**

follows:

> (a) Commitment to custody of Bureau of Prisons.--A person who has been sentenced to a *term of imprisonment* . . . shall be committed to the custody of the Bureau of Prisons until the *expiration of the term imposed*, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.[2]
>
> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate *any available penal or correctional facility* that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

18 U.S.C. § 3621 (emphasis added).  Under this statute, it is apparent that the Bureau of Prisons has considerable discretion in selecting a facility for service of a term of imprisonment, which could presumably include a half-way house or a work release program.   That authority is made explicit, and the effect of such a placement is clearly stated in subsections (c) and (e) of the statute:

> **(c) Pre-release custody.**--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner *serving a term of imprisonment spends a reasonable part*, not to exceed six months, of the last 10 per centum *of the term* to be served under conditions that will afford the prisoner

---

[2] Section 3624(b) provides for "good time" credit of up to 54 days a year for prisoners serving a term of imprisonment of more than one year.

**Memorandum Decision and Order - 4**

> a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. *The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.*
>
> . . . .
>
> (e) Supervision after release.--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. *The term of supervised release commences on the day the person is released from imprisonment.* . . .

18 U.S.C. § 3624 (emphasis added).

### B.   *Sullivan*

In *Sullivan*, the defendant had been serving his federal sentence concurrently with two Montana state sentences and apparently had completed his federal sentence of imprisonment before completing his state sentences.[3] He had been transferred from a state prison to a state pre-release center where he spent approximately six months. The defendant contended that his supervised release had commenced in February 2001 when he was transferred to the pre-release

---

[3]  Although unclear from the decision, Defendant-Appellant's brief states that after discharging his federal sentence, he was released on state parole. *Opening Brief of Defendant-Appellant*, *United States v. Sullivan*, 504 F.3d 969 (9th Cir. 2007), 2007 WL 895034.

**Memorandum Decision and Order - 5**

center, whereas the Government contended that it commenced after he was released from the pre-release center.

The court identified the determinative issue as being whether the defendant's detention in the Montana pre-release center was "imprisonment" under 18 U.S.C. § 3624(e) given that it states that supervised release commences the day a person is released from imprisonment. If the pre-release center did not constitute imprisonment, then the court had no jurisdiction to consider the revocation petition.

The court focused on the meaning of the term "imprisonment" as contained in § 3624(e) phrase "[t]he term of supervised release commences on the day the person is released from imprisonment . . . ." The court opined that neither federal nor Montana law characterizes time in community treatment centers or pre-release programs as "imprisonment." Citing a number of cases from the Ninth Circuit and other circuits treating such programs as "not imprisonment," the court concluded that the defendant's term of supervised release commenced when he was released *to* rather than *from* the pre-release center. The court also noted Montana's apparent treatment of pre-release centers as rehabilitative centers rather than imprisonment. It went so far as to equate the "features and goals" of the pre-release centers with those of federal supervised release. In finding that the defendant's supervised

**Memorandum Decision and Order - 6**

release commenced when he was released *to* the pre-release center, the court stated, "[t]he many cases finding that detention in facilities like Pre-Release Centers is not imprisonment are supported by the recognition that such facilities use different methods and seek different goals than imprisonment."

### B.     *Sullivan* Distinguished

At first blush, it would appear that *Sullivan* stands for the proposition that pre-release programs are not imprisonment in any context.  However, context provides important distinctions and reveals that *Sullivan*'s holding is applicable only to substantially similar factual circumstances; i.e., where an individual has completed his federal sentence but is still serving a concurrent state sentence and is sent to a state pre-release center.  Here, Defendant was placed in pre-release custody at the end of his *federal* sentence.  This is a crucial distinction given that § 3624(c) dictates that the Bureau of Prisons provide a pre-release component where practicable and specifically provides that the pre-release component is *part* of the term of imprisonment.  *Sullivan*, on the other hand, necessarily did not consider § 3624(e) in the context of § 3624(c) because the defendant was not in a federal pre-release program.

As further indication that *Sullivan* is not controlling here, the cases cited therein for the proposition that community confinement is not imprisonment were

**Memorandum Decision and Order - 7**

decided in totally different contexts, none of which involved the issue of whether the pre-release component at the end of a federal sentence constituted "imprisonment." [4]  Likewise, the case cited in *Sullivan* for the proposition that Montana considers pre-release centers to be alternatives to imprisonment was not addressing the issue of whether a state pre-release program constituted "imprisonment" under the Montana statutes.[5]  Finally, a review of the appellate briefs indicates that the parties had not focused on the question of whether pre-release programs constitute "imprisonment."[6]

---

[4] *See, e.g., Reno v. Koray*, 515 U.S. 50 (1995) (construing 18 U.S.C. § 3585(b) and determining that *pre-sentencing* confinement to a community treatment center while released on bail could not be credited toward sentence because it did not constitute "official detention"); *Tanner v. Sivley*, 76 F.3d 302 (9th Cir. 1996) (same (citing *Koray*) and finding the dispositive issue to be whether defendant was under Bureau of Prisons' control during confinement at a community treatment center); *United States v. Latimer*, 991 F.2d 1509 (9th Cir. 1993) (finding confinement in community treatment center was not "incarceration" within the meaning of the Sentencing Guidelines' career offender provision noting that the Sentencing Commission differentiates between imprisonment and non-imprisonment cases and draws a "sharp distinction" between confinement in a community treatment center or halfway house and confinement in a conventional prison facility); *United States v. Cintron-Fernandez*, 356 F.3d 340 (1st Cir. 2004) (finding that under USSG § 5C1.1(d) and (e) "home detention and community confinement are considered as 'Substitute Punishments' for imprisonment, not merely different forms of imprisonment itself'"); and *United States v. Elkins*, 176 F.3d 1016 (7th Cir. 1999) (noting that the circuit had consistently held that *in the context of the Guidelines* "imprisonment" means time actually spent in a penal institution).

[5] *See State v. Chandler*, 277 Mont. 476, 922 P.2d 1164, 1166 (1996) (finding not only imprisonment but also confinement in a community corrections system constituted "official detention" within the meaning of the escape statute).

[6] It appears that there were no records before the district court indicating transfer and release dates.  The defendant argued that supervised release commenced in February, 2001 because his girlfriend testified that he was released at that time – not because he contended that a pre-release program did not constitute imprisonment.  On appeal, the Government obtained appropriate records which caused it to abandon its district court argument that supervised release

**Memorandum Decision and Order - 8**

### C. Statutory Construction

Reading § 3621 and § 3624(a), (c), and (e) together, leads to the conclusion that a pre-release program provided by the Bureau of Prisons is part of Defendant's term of imprisonment, and supervised release does not commence until release from that program. For example,

1. Section 3621 provides that a person is committed to the custody of the Bureau of Prisons until the expiration of the term imposed *or* until earlier release for satisfactory behavior. If an inmate's placement in a pre-release program does not constitute "imprisonment," then the Bureau of Prisons would not be permitted to make such a placement during the term of imprisonment ordered by the Court – as occurred here. Yet, § 3624 (c) not only permits such a placement, but mandates it. Thus, the Defendant's argument here would make the provisions of § 3621 and § 3624(c) read in direct conflict – with the latter mandating what the former prohibits.

2. Section 3621(b) provides that the Bureau of Prisons may designate as a place of imprisonment any available penal or correctional facility it determines is appropriate. That would appear to include a county jail.

3. Section 3624(c) states that a prisoner shall spend *part of his term of imprisonment* in a pre-release program and states that the Probation Office shall provide *assistance* to the prisoner. It does *not* state that term of imprisonment is shortened, and it does *not* state that the Probation Office shall *supervise* the prisoner.

---

commenced in May 2006 when the defendant reported for supervised release and adopted the position that it started when he was released from the pre-release center. *Appellate Briefs, United States v. Sullivan*, 504 F.3d 969 (9th Cir. 2007), 2007 WL 895034 and 2007 WL 895035.

**Memorandum Decision and Order - 9**

The above clearly indicates to the Court that the pre-release program is part of the term of imprisonment and not a part of supervised release. Without a doubt, pre-release programs and supervised release share the same goals of easing a prisoner's re-entry into the community. However, the former occur within the confines of "imprisonment." Indeed, were the prisoner to violate any of the conditions of the program, he would answer to the Bureau of Prisons since he is still in their custody. On the other hand, an individual on supervision who violates a condition of supervision answers to the probation office and to the sentencing court.

## CONCLUSION

For all of the above reasons, the Court concludes that *Sullivan* stands only for the proposition that federal supervised release commences when a prisoner is released from a state prison to a state pre-release program. The plain language of §§ 3624(c) and (e) dictates that the federal pre-release program under the auspices of the Bureau of Prisons is part of the federal term of imprisonment and that the federal term of supervised release commences when that term of imprisonment is over. Accordingly, Defendant's first term of supervised release commenced on December 18, 2004 and would have expired on December 17, 2007. Because the violations in the original petition occurred in August of 2007, they occurred during

**Memorandum Decision and Order - 10**

the original term of supervised release.  Therefore, the Court had jurisdiction to revoke Defendant's first term of supervised release and impose a sentence of imprisonment to be followed by a further term of supervised release.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Revocation Petition (Docket No. 24) is DENIED.  The Court will proceed with the supervised release revocation hearing as scheduled on December 3, 2007 at 9 a.m.



DATED:  **November 30, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 11**